IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRANT HEILMAN PHOTOGRAPHY, INC., | ) ) ) | CASE NO. |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| THE MCGRAW-HILL COMPANIES, INC., and JOHN DOE PRINTERS 1-10, | ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**
(Jury Trial Demanded)

Plaintiff Grant Heilman Photography, Inc. ("GHPI" or "Plaintiff"), for its Complaint against Defendants The McGraw-Hill Companies, Inc. ("McGraw-Hill") and John Doe Printers 1-10 ("Printers"), alleges:

**STATEMENT OF ACTION**

1.  This is an action for copyright infringement and fraud brought by Plaintiff, the holder of all copyrights to the photographs described hereafter and originally licensed for limited use by Defendant McGraw-Hill, against all Defendants for uses of Plaintiff's photographs without its authority or permission.

**JURISDICTION AND VENUE**

2.  This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright laws of the United States.

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question), 1338 (copyright) and 1367 (supplemental jurisdiction).

4.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. § 1400(a).

## PARTIES

5.      Plaintiff GHPI is a corporation duly organized under the laws of Pennsylvania, with its principal place of business in Lititz, Pennsylvania.  GHPI is a stock photography agency that licenses photographs on behalf of a number of photographers, including Grant Heilman, a well-known professional photographer.

6.      Plaintiff licenses photographs, including the in-suit images, for distribution throughout the United States, including Pennsylvania.

7.      McGraw-Hill is a publisher of educational textbooks and a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.  McGraw-Hill sells and distributes textbooks via its employees and agents in Pennsylvania and throughout the United States, including the publications and ancillary materials containing Plaintiff's photographs.  At all times pertinent to the allegations herein, McGraw-Hill acted through its various imprints and divisions, as identified in Exhibit A (separated for filing into Exhibits A-1 through A-4).

8.      John Doe Printers 1-10 are the printers of some or all of the publications and ancillary materials containing Plaintiff's photographs, whose identities are known to McGraw-Hill but unknown to Plaintiff.

## FACTS COMMON TO ALL COUNTS

9.      Plaintiff is the owner and exclusive copyright holder of the attached photographic images

("Photographs"). The Photographs have been registered with the United States Copyright Office or complete applications, fees, and deposits for copyright registration have been received by the Copyright Office in compliance with the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

10. Between 1995 and 2011, in response to permission requests from McGraw-Hill, Plaintiff sold McGraw-Hill limited licenses to use copies of the Photographs in numerous educational publications. The licenses Plaintiff granted McGraw-Hill were expressly limited by number of copies, distribution area, language, duration, and/or media as set forth in Exhibit A.

11. Plaintiff granted the limited use licenses in response to McGraw-Hill's representations to Plaintiff that the use of the Photographs would not exceed the limitations contained in McGraw-Hill's solicitations.

12. At the time McGraw-Hill represented to Plaintiff that it needed specified, limited permission to use the Photographs, McGraw-Hill often knew its actual uses under the licenses would exceed the permission it was requesting and paying for.

13. Upon information and belief, McGraw-Hill intended by its misrepresentations to obtain access to the Photographs at a lower cost than it would have paid had it been honest in its dealings with Plaintiff, and to conceal the copyright infringements that followed. McGraw-Hill's false and misleading representations deceived Plaintiff, and concealed the copyright infringements that followed.

14. Plaintiff relied to its detriment on the truthfulness of the express limitations contained in McGraw-Hill's license solicitations in establishing its license fees.

15. Upon information and belief, McGraw-Hill exceeded the permitted uses under the terms of the limited licenses granted by Plaintiff in the publications identified in Exhibit A.

16. Upon information and belief, McGraw-Hill used the Photographs without any permission

in additional publications. Because McGraw-Hill alone knows these wholly unauthorized uses, Plaintiff cannot further identify them without discovery.

17. When McGraw-Hill copied, distributed, used, and otherwise exploited the Photographs without authorization, McGraw-Hill had a duty in equity and good conscience to disclose those uses to Plaintiff. This is especially so because McGraw-Hill knew precisely when its use of the Photographs exceeded the applicable license limitations, but Plaintiff had no such knowledge, no ability to ascertain the true state of facts, and no reason to assume McGraw-Hill was being deceitful in the uses it was making of the Photographs. McGraw-Hill never disclosed its unauthorized uses to Plaintiff or sought additional permission to use the Photographs.

18. McGraw-Hill's fraud was effective and worked as intended. For years the infringements that followed McGraw-Hill's fraud were concealed. But for Plaintiff's fortuitous discovery of McGraw-Hill's fraudulent acts, McGraw-Hill's infringements would still be concealed, as McGraw-Hill intended.

19. GHPI has satisfied, or Defendants have waived, all conditions precedent to the filing of this Complaint. On GHPI licenses on and after November 16, 2000, GHPI agreed to forgo its right to sue if a licensee agreed to pay 10 times the maximum price GHPI would have charged for unauthorized uses, within 10 days of billing. Accordingly, on March 15, 2012, GHPI offered to settle all copyright infringement and contract claims pertaining to images licensed on and after November 16, 2000, for ten times the maximum price it would have charged for the unauthorized uses made by McGraw-Hill (Exhibit B). The offer provided that it would expire in 10 days and was contingent on McGraw-Hill's agreement to disclose its unauthorized uses within a reasonable time and pay GHPI within 10 days of receipt of GHPI's billing for such unauthorized uses. McGraw-Hill did not accept GHPI's offer.

20. On March 15, 2012, Plaintiff also provided McGraw-Hill with a detailed breakdown of the Photographs and the terms pursuant to which they were licensed, and requested in writing that McGraw-Hill provide Plaintiff accurate information concerning McGraw-Hill's actual uses of the Photographs (Exhibit B). McGraw-Hill has not responded to Plaintiff's request, declining to provide Plaintiff with the information it requested, and declining to state which, if any, of the Photographs it has <u>not</u> infringed.

21. Upon information and belief, McGraw-Hill's practice of requesting and paying for limited uses it knew it was going to exceed extends far beyond the publications in Exhibit A. This practice extended to thousands of visual art licenses in hundreds of its other publications. While the lost licensing fee from any individual license is relatively small, millions of infringing textbooks have sold, generating billions in revenue and profits. McGraw-Hill's business model, built upon a foundation of pervasive fraud, deprived Plaintiff and thousands of other visual art licensors their rightful compensation and unjustly enriched McGraw-Hill with outlandish profits in the process.

22. Upon information and belief, John Doe Printers 1-10 are the printers of the Photographs in suit. Upon information and belief, they printed copies in excess of the licenses granted by Plaintiff, and earned profits from such printings.

23. All exhibits attached hereto are incorporated into this Complaint by this reference.

**COUNT I**
**COPYRIGHT INFRINGEMENT AGAINST MCGRAW-HILL**

24. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

25. The foregoing acts of McGraw-Hill constitute infringements of Plaintiff's copyrights in

the Photographs in violation of 17 U.S.C. §§ 501 *et seq*.

26. Plaintiff suffered damages as a result of McGraw-Hill's unauthorized use of the Photographs.

## COUNT II
## COPYRIGHT INFRINGEMENT AGAINST JOHN DOE PRINTERS 1-10

27. Plaintiff incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

28. The foregoing acts of John Doe Printers 1-10 in printing the Photographs in suit constitute infringements of Plaintiff's copyrights in the Photographs, in violation of 17 U.S.C. §§ 501 *et. seq*.

29. Plaintiff suffered damages as a result of the unauthorized printing of the Photographs by John Doe Printers 1-10.

**WHEREFORE**, Plaintiff requests the following:

1. A preliminary and permanent injunction against Defendants and anyone working in concert with them from copying, displaying, distributing, selling or offering to sell Plaintiff's Photographs described in this Complaint and Plaintiff's photographs not included in suit.

2. As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiff's Photographs used in violation of Plaintiff's exclusive copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendants without Plaintiff's authorization.

3. Actual damages and all profits derived from the unauthorized use of Plaintiff's Photographs or, where applicable and at Plaintiff's election, statutory damages.

4.      Reasonable attorney's fees.

5.      Court costs, expert witness fees, interest and all other amounts authorized under law.

6.      For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

DATED:  April 18, 2012

           Plaintiff Grant Heilman Photography, Inc., by its attorneys,

           <u>s/ Maurice Harmon</u>
           Maurice Harmon, PA Bar No. 304872
           Harmon & Seidman LLC
           The Pennsville School
           533 Walnut Drive
           Northampton, PA 18067
           Telephone:  (610) 262-9288
           Facsimile:  (610) 262-9557
           maurice@harmonseidman.com