IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRANT HEILMAN PHOTOGRAPHY, INC. | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| THE MCGRAW-HILL COMPANIES, INC., and | : | NO. 12-2061 |
| JOHN DOES PRINTERS 1-10, | : | |
| | : | |
| Defendants | : | |

<u>**MEMORANDUM RE:  BIFURCATION AND DISCOVERY**</u>

**Baylson, J.**                                                                                                         **May 7, 2013**

In this copyright infringement case, Defendant, The McGraw-Hill Companies, Inc., has raised a statute of limitations defense to a large majority of the 2,395 claims of copyright infringement alleged by Plaintiff, Grant Heilman Photography, Inc.

On November 27, 2012, the Court denied Defendant's Motion for partial summary judgment on the statute of limitations issue, finding that Defendant's claim that Plaintiff had constructive notice of the infringing activity was a factual question that could not be decided as a matter of law.  <u>Grant Heilman Photography, Inc. v. McGraw-Hill Cos., Inc</u>., No. 12-2061, 2012 WL 5944761 (E.D. Pa. Nov. 28, 2012).

Subsequently, Plaintiff filed a Motion to Bifurcate pursuant to Federal Rule of Civil Procedure 42(b), (ECF No. 29), which the Plaintiff opposes (ECF No. 30).  The Court held a hearing on this motion on April 30, 2013.  Prior to the hearing, the Court sent counsel a letter requesting their views on a number of issues.  Principal among these issues was the Court's proposal of proceeding with a "mini-trial" that would allow the parties to present their respective claims and defenses for a small sample of the alleged infringements.   Under this mini-trial approach, Defendant would have the opportunity to get a jury decision on a representative

sample of Plaintiff's claims that it contends are barred by the statute of limitations, and Plaintiff would have the chance to get a jury decision on a limited number of its infringement claims for which there are no statute of limitation defenses.

Although Plaintiff reiterated its opposition to any bifurcation at the hearing, Plaintiff indicated that, if the Court was inclined to allow a bifurcated trial, it would like to have discovery proceed on twenty-four (24) invoices as to which Defendant does not assert any statute of limitations defense. The Defendant would then select six (6) invoices where the alleged infringements occurred before the "storm warnings" identified in the Court's November 27, 2012 opinion.

The Court must exercise its "informed discretion" to determine if Defendant has met its burden of showing that a separate trial would "expedite and economize" this action. Fed. R. Civ. P. 42(b); Barr Labs., Inc. v. Abbott Labs., 978 F.2d 98, 115 (3d Cir. 1992). In making this determination, the Court has considered:

> (1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting the severance will be prejudiced if it is not granted.

Williams v. CSX Transp., Inc., No. 01-3433, 2002 WL 31618455, at *2 (E.D. Pa. Nov. 15, 2002). As modified by the Court's proposal, there are good and substantial reasons to grant Defendant's Motion to Bifurcate.

The scope of this case is massive: Plaintiff claims at least 2,395 discrete acts of copyright infringement relating to 1,002 photographs licensed through 594 invoices issued between 1995 and 2011. Holding a separate trial to determine whether Plaintiff should have discovered Defendant's allegedly infringing activities prior to April 18, 2009, would dramatically narrow

the scope of discovery/trial if the jury rules in Defendant's favor.  Plaintiff's Complaint shows that 67% of the alleged infringements involve copyrights that Plaintiff licensed to Defendant prior to the first alleged storm warning, and 95% involve copyrights that Plaintiff licensed prior to the last alleged storm warning.[1]  While the actual dates on which the infringements occurred are not yet known, it is reasonable to assume—as the Court already has—that "a large percentage" of the alleged infringements likely "took place prior to the alleged storm warnings."  Grant Heilman, 2012 WL 5944761, at *5.  Accordingly, a jury verdict on the statute of limitations issue would promote the interest of "efficient judicial administration," which is the "controlling" consideration under Rule 42(b).  9A WRIGHT & MILLER, FED. PRAC. & PROC. § 2388.

    In its opposition brief to Defendant's motion to bifurcate, Plaintiff argued that bifurcation would result in substantial evidentiary overlap, unnecessary cost/delay, and prejudice.  To the extent that Plaintiff's arguments had merit with respect to the bifurcated trial that Defendant proposed, they have been rendered mostly moot by the Court's mini-trial approach.  Whereas Plaintiff's arguments were based on the premise that the first trial would require discovery and evidence for every one of the 2,395 alleged infringements (involving 594 invoices), the mini-trial approach will limit discovery to 30 invoices,[2] which is neither unwieldy nor unreasonable.  Under principles of collateral estoppel, if the jury finds that storm warnings placed Plaintiff on notice of the alleged infringements that occurred prior to April 18, 2009, the scope of discovery and evidence for the second trial would be dramatically narrowed.  The sheer magnitude of

---

[1] These percentages are derived from Exhibit A of Plaintiff's Complaint.  In the Exhibit, Plaintiff lists the license date for every copyright it alleges Defendant infringed.  Of the 2,395 copyrights, 1,597 were licensed prior to August 16, 2006 (the date of the first alleged storm warning), and 2,287 were licensed prior to April 18, 2009 (the date of the third alleged storm warning).

[2] The Court notes that although it agreed to allow discovery on twenty-four (24) invoices selected by Plaintiff and six (6) invoices selected by Defendant, the Court has not yet decided what number of invoices will be the subject matter of the jury trial.

judicial resources that could be saved by this approach warrants, in the Court's view, the relatively modest costs and delay that the mini-trial will produce.

At the hearing, there was substantial discussion and some rulings by the Court on the scope of discovery, which will not be repeated in this memorandum. However, the Court did set forth a schedule which is part of the attached Order.

An appropriate Order follows.

O:\CIVIL 12\12-2061 grant v. mcgraw\12cv2061.bifurcate.memo.docx