**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GRANT HEILMAN PHOTOGRAPHY, INC.**<br><br>      v.<br><br>**THE MCGRAW-HILL COMPANIES, et al.** | **CIVIL ACTION**<br><br>**NO.  12-2061** |

Baylson, J.                                                      February  6, 2014

## <u>MEMORANDUM RE MOTION CONCERNING<br>CONFIDENTIALITY DESIGNATIONS</u>

In this action for copyright infringement, defendants seek to retain confidentiality of portions of deposition testimony under this Court's Umbrella Protective Order (ECF 37), by filing a motion following a dispute between the parties (ECF 15).  Plaintiff challenges the confidentiality designations and Defendants filed a motion to confirm the confidentiality designations under the umbrella protective order (ECF 68).  The Court held a hearing on February 5, 2014.

### I. Factual and Procedural Background

This Court issued an Umbrella Protective Order in this copyright infringement case on May 8, 2013.  Both plaintiff and defendants agreed on the propriety and principal terms of this Order, although disputed some minor details.   The Protective Order provides for counsel to prevent disclosure of discovery materials by designating a document "Confidential Information" when a "party has determined in good faith [that it] implicates common law and statutory privacy interests of confidential information."  (ECF 37). The Order lists the following as examples of confidential information:

1

non-public confidential proprietary data, non-public confidential proprietary business information, and non-public confidential research, development, personnel or commercial information that the designating party has taken reasonable steps to keep secret, the disclosure of which would leave to competitive, commercial, or economic harm.

Defendants designated portions of depositions of corporate-designees Leonard Behnke and Rachel Norton as confidential, contending the testimony revealed confidential business information that had never been publicly disclosed.  Plaintiff objected to the designations.

Defendants have the burden under the Order of satisfying the Court of the propriety of confidentiality.   The actual testimony has been filed under seal.

## II. Parties' Arguments

Defendants contend testimony regarding an internal "process" would reveal confidential information to competitors. Defendants contend this information would harm McGraw-Hill "by providing its competitors and vendors with insights into McGraw-Hill's internal decision-making processes and future corporate conduct." Tiska Decl. at ¶ 10.

Plaintiff argues the testimony is not confidential information that could result in harm to Defendants.  Plaintiff contends the information Defendants seek to protect is not a trade secret, company research, development or commercial information.  Plaintiff further argues that Defendants have failed to show disclosure would result in cognizable harm because they have failed to show how the information could be used by competitors to its harm.  Plaintiff concludes Defendants have failed to show good cause to designate this testimony as confidential.

## III. Issues

"Courts have inherent power to grant orders of confidentiality over materials not in the court file." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 785 (3d Cir. 1994). The party

seeking to enforce confidentiality bears the burden to show there is good cause by establishing "disclosure will work a clearly defined and serious injury to the party seeking closure.

This Court notes that in most of the Third Circuit decisions that the parties have cited involved some aspect where the public interest or governmental interest were paramount.  In Pansy,  the issue concerned newspaper access to certain affairs of public agencies. 23 F.3d at 786 (finding "privacy interests are diminished when the party seeking protection is a public person subject to legitimate public scrutiny").  In E.E.O.C. v. Kronos Inc., there were issues about possible destruction of government documents.  620 F.3d 287, 302 (3d Cir. 2010) ("[T]here is a strong presumption against entering an order of confidentiality whose scope would prevent disclosure of information that would otherwise be accessible under a relevant freedom of information law.").  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." Id. (quoting Pansy, 23 F.3d at 786) ("The injury must be shown with specificity."). See also, Shingara v. Skiles, 420 F.3d 301, 307 (3d Cir. 2005) (finding a public official's interest in avoiding embarrassment was not a substantial privacy interest).

In general the Third Circuit cases require the following factors be considered to determine whether good cause exists:

> 1) whether disclosure will violate any privacy interests;
> 2) whether the information is being sought for a legitimate purpose or an improper purpose;
> 3) whether disclosure of the information will cause a party embarrassment;
> 4) whether confidentiality is being sought over information important to public health and safety;
> 5) whether the sharing of information among litigants will promote fairness and efficiency;
> 6) whether a party benefitting from the order of confidentiality is a public entity or official; and
> 7) whether the case involves issues important to the public.

Kronos, 620 F.3d at 302.

In Kronos, the Third Circuit vacated a protective order because it found the District Court failed to articulate any of the factors considered in the balancing test. Id. at 303. In Pansy, the Third Circuit found the public interest factors weighed strongly in favor of disclosure because the defendant was a government entity subject to freedom of information statutes. Pansy, 23 F.3d at 791. In Glenmede Trust Co. v. Thompson The Third Circuit refused to issue a writ of mandamus reversing the District Court, noting that defendant failed to articulate any particular extreme harm that would result from public disclosure of the documents, but was motivated by possible embarrassment and injury to professional reputation and client relationships. 56 F.3d 476, 484 (3d Cir. 1995) ("Absent a showing that a defined and serious injury will result from open proceedings, a protective order should not issue."). The Third Circuit found the defendant failed to articulate any particular pecuniary harm that would result from public disclosure of the documents, so it was not a clear error for the district court to refuse to issue a broad umbrella protective order. Id.

Here Defendants have a legitimate concern about losing confidentiality of the testimony about an ongoing internal investigation, which may cause competitive harm. Although the material to be designated is fairly general, and does not involve any specific trade secrets or confidential financial information, this Court can understand a competitive concern that is not unreasonable in the circumstances of Defendants' business. The challenged testimony relates to ongoing or future plans, and not the past conduct which is the subject matter of this case. Moreover, Plaintiff's counsel has asked improper questions by continuing to use the word "audit" when the defendants' witnesses have denied there was any audit.

Unlike <u>Pansy</u> and <u>Kronos</u>, there is no public interest to weigh against Defendants' privacy interests.  There is no concern over public health or safety.  There is no public entity or official involved and the issues are not important to the public.

In this case, the Court finds there are no public interest factors involved.  Applying the factors above, the Court believes that the defendants have a valid proprietary interest in how it is conducting its internal affairs.  For these reasons the Court will **GRANT** the defendants' motion.

An appropriate Order follows.

O:\CIVIL 12\12-2061 grant v. mcgraw\12cv2061.memo.protective2.6.14.docx