IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRANT HEILMAN PHOTOGRAPHY, INC. | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| THE MCGRAW-HILL COMPANIES, INC., and | : | NO. 12-2061 |
| JOHN DOES PRINTERS 1-10, | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM RE: MOTION FOR PARTIAL SUMMARY JUDGMENT**

**Baylson, J.**                                                                                          **August 6, 2014**

I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a stock photography agency, alleges Defendants, affiliated publishing companies, printed stock photography images it licensed beyond the scope of the licenses Plaintiff granted Defendants in the invoice for each image. On April 18, 2012 Plaintiff filed a complaint claiming 2,395 instances of copyright infringement. This Court bifurcated the trial to hear fifty-seven claims of copyright infringement based on thirty invoices in a bellwether trial. Grant Heilman Photography, Inc. v. McGraw-Hill Companies, Inc., No. 12-2061, 2013 WL 1890367 (E.D. Pa. May 7, 2013).

Plaintiff moved for partial summary judgment on those fifty-seven claims for copyright infringement. (ECF 104). Defendants opposed the motion, contending the course of dealing demonstrated the scope of the copyright licenses extended beyond the limits articulated in the invoices. (ECF 108). Defendants also argued that the three-year statute of limitations barred Plaintiff's claims for infringement that occurred prior to April 18, 2009. Oral argument was held on June 6, 2014. (ECF 121). This Court held Defendants did not present any evidence showing

1

Plaintiff regularly permitted Defendants to use the images beyond the terms stipulated in the original invoice without first obtaining permission. Grant Heilman Photography, Inc. v. McGraw-Hill Companies, Inc., No. 12-2061, 2014 WL 2892504, at *9 (E.D. Pa. June 26, 2014). The uncontroverted evidence showed Defendants regularly sought permission for additional use, and there was no evidence that the course of dealing altered the scope of the licenses granted in the invoices. Id. at *10. This Court held the invoices were limited licenses to use the images, and use beyond the scope authorized in the invoices constituted copyright infringement. Id. But, this Court denied Plaintiff's motion for summary judgment because questions of fact remained whether the three-year statute of limitations was tolled as to infringement prior to April 18, 2009. Id. at *13. This Court noted that Plaintiff might be entitled to summary judgment if it submitted uncontroverted evidence of instances of infringement after April 18, 2009. Id.

Plaintiff subsequently filed an addendum to amend its motion for partial summary judgment regarding infringement within the three years prior to the filing of Plaintiff's complaint. (ECF No. 128). Plaintiff submitted additional records documenting the dates on which Defendants' use exceeded the licensed use granted by Plaintiff to Defendants. (ECF No. 129). Defendants filed a response in opposition on July 22. (ECF No. 131). Plaintiffs filed a reply in support of their motion on July 28. (ECF No. 137). Plaintiffs also filed two notices of supplemental authority regarding the statute of limitations issue. (ECF No. 130 & 132).

## II. ANALYSIS

### A. Statute of Limitations

Plaintiff produced evidence that Defendants printed its images in the following texts after April 18, 2009: Physics: Principals and Problems 2002 ISBN 007823896x; The Words and Its People ISBN 0078654807 and ISBN 0078654815; Physics: Principals and Problems 2009 ISBN

0078807212 and ISBN 0078807220; Inquiry into Life 2008 ISBN 0072986751; and Biology 10e ISBN 007352543X, ISBN 0071288449, ISBN 0077313488, ISBN 0077343956, and ISBN 0077625412.  Plaintiff submitted additional evidence showing Physics: Principals and Problems 2002, The World and Its People, and Physics: Principals and Problems 2009 printed Plaintiff's images without permission after April 2009 that was originally filed under seal.  Finally, Plaintiff pointed to its evidence originally submitted in support of its motion for summary judgment showing publication after April 2009 for Inquiry Into Life 2008 and Biology 10e.

Defendants respond that seven of the twelve titles at issue in Plantiff's original motion for partial summary judgment were not printed within the expiration of the three-year limitations period, so Plaintiff is not entitled to summary judgment.  As to the remaining five titles, Defendants admit that they were printed within the limitations period, but contend Plaintiff has failed to demonstrate the number of copies printed within the limitations period that exceeded the license terms.

The following is a chart summarizing the evidence of the publications and the excess quantities printed after the limitations period expired on April 18, 2009.[1]

| Title | Invoice No. | ISBN | Invoice Rights | Actual use |
|---|---|---|---|---|
| Physics: Principals and Problems 2002 | 201549 | 007823896x | North America English 100,000 student and teacher, CD ROM, Internet | Before 4/2009: 188,569 After 4/2009: 18,517 |
| The World and Its People | 205064 | 0078654807 0078654815 | 100,000 max student and teacher editions, CD ROM 15% Canada for 6 years from 2005 | Before 4/2009: 128,560 After 4/2009: 5,257 |

---

[1] This Court does not present these figures as factual finding of the absolute number of copies printed.  Plaintiff did not seek summary judgment on damages.  The number of copies is only relevant to consider whether Plaintiff has produced evidence that Defendants printed more copies than were authorized under the terms of the licenses.

| | | | | |
|---|---|---|---|---|
| Physics: Principals and Problems 2009 | 207872 | 0078807212 0078807220 | 100,000 Student Edition and CD ROMs  <15% Canada | Before 4/2009: 51,067 Exceeded 100,000 in 2011: 113,484 2012-2013: 6,568 Total excess: 20,052 |
| Inquiry into Life 2008 | 206588 | 0072986751 | English and Chinese US 10% World 57,100 + CD ROM 1,200 | Before 4/2009: 61,551 After 4/2009: 7,594 |
| Biology 10e | 207645 | 007352543X 0071288449 0077313488 0077343956 0077625412 | World English language, 100,000 | Exceeded quantity 11/12/2009: 103,074 After 11/2009: 44,421 Total excess: 47,495 |

**B. Authorized Use**

      Defendants contend that McGraw Hill did obtain license extensions to print a total of 600,000 copies of Physics: Principals and Problems.  Defendants have pointed to Invoice No. 206503 dated September 29, 2006 authorizing 500,000 copies of the 2005 edition of Physics, Principals and Problems as an "extension of rights to invoice 203614 dated 4/29/04." Def's Ex. 30.  In 2009, Defendants requested another extension of the license in Invoice No. 203614 to print 100,000 copies of Physics: Principals and Problems 2009.  Def's Ex. 11.  On March 4, 2009, Plaintiff submitted Invoice No. 207872 authorizing 100,000 copies of Physics: Principals and Problems 2009.  Pl's Ex. E.

      Plaintiff responds that the licenses were for different editions of the textbook.  But the invoice allows use of the licensed images in revised editions "with less than 10% change from the original edition for a period of six years."  Pl's Ex. E.  Plaintiff has not produced evidence showing more than 10% of the text was changed from the 2005 to the 2009 edition.  In addition, the six-year period referenced in the 2006 invoice overlaps with the 2009 invoice.

4

The images referenced in the 2004 invoice, the 2006 invoice, and the 2009 invoice are identical.  Pl's Letter Reply Ex. A, Def's Ex. 30, and Pl's Ex. E.  The 2009 license extension request referenced Invoice No. 203614 which authorized use for the 2005 edition, but the letter sought extended use for the 2009 edition.  Def's Ex.   The total quantity printed was less than 500,000.  This evidence raises a genuine` question of fact whether Defendants exceeded the scope of the license to use the images in Physics: Principals and Problems.  Thus, Plaintiff's motion for partial summary judgment on images licensed in Invoice Nos. 201549 and 207872 shall be denied.

**C. Copyright Registration**

Defendants further challenge the copyright registration of four images.[2]  "In any judicial proceedings the certificate of a registration . . . shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."  17 U.S.C. § 410(c).  "This means that the defense need[s] to show why the court should disregard the registration, and absence of evidence redounds to the defense's detriment."  Neri v. Monroe, 726 F.3d 989, 991 (7th Cir. 2013).

Defendants contend the group copyright registrations of these images were flawed because "photographs in the group must have been published within the same calendar year."  37 C.F.R. § 202.3(b)(10)(iii).  "'Publication' is the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending.  The offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication."  17 U.S.C. § 101.  Plaintiff

---

[2] Defendants point to four Image ID numbers, but Image ID No. O14 05 36B0 and Image ID No. O14 05 36C0 appear to be different exposures of an identical image that was registered as a single copyright as Image ID No. O14 05 36A0.

responds that unintentional errors in registration do not invalidate the copyright, so long as they do not prejudice Defendants.

The Third Circuit has held "an inadvertent and immaterial misstatement will not invalidate a copyright registration, a proposition on which there is broad consensus in the federal courts." Raquel v. Educ. Mgmt. Corp., 196 F.3d 171, 177 (3d Cir. 1999) judgment vacated 531 U.S. 952 (2000). "It is well established that immaterial, inadvertent errors in an application for copyright registration do not jeopardize the validity of the registration." Data Gen. Corp. v. Grumman Sys. Support Corp., 36 F.3d 1147, 1161 (1st Cir. 1994) abrogated by Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154 (2010) (Masquerade Novelty, Inc. v. Unique Indus., Inc., 912 F.2d 663, 668 (3d Cir. 1990)). "Only the knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application constitutes reason for holding the registration invalid and thus incapable of supporting an infringement action." Eckes v. Card Prices Update, 736 F.2d 859, 861-62 (2d Cir. 1984) (internal citations and alterations omitted).

In a similar case the District of Massachusetts denied the defendant's motion for summary judgment because it found that errors in a group copyright application were not material. Cipes v. Mikasa, Inc., 346 F. Supp. 2d 371, 373 (D. Mass. 2004). The plaintiff had mistakenly registered some images that were not published in the same calendar year, and registered some images twice, contravening copyright registration regulations. Id. These errors were immaterial because the Copyright Office had a procedure to correct such errors, the plaintiff represented that he already sought to correct the errors, and there was no reason to believe the corrections would be rejected by the Copyright Office. Id. at 374 ("[B]ecause it does not appear that any of Cipes's errors are fatal to his Registrations, the errors are immaterial.").

The court further found that the defendant was not prejudiced by the errors because it "was well aware of Cipes rights in the subject photographs." Id.

Defendants have presented evidence that Plaintiff filed a supplemental copyright registration form seeking to correct group copyright VA 1-643-925 to exclude Image ID O14 05 36A0 because it was originally published prior to 1994. Def's Ex. 38. Plaintiff filed another supplemental copyright registration form to group copyright VA 1-644-214 to exclude Image ID J 5 G 13 849A0 because it was originally published prior to 2002. Def's Ex. 40. Plaintiff later filed a request to withdraw the supplementary registrations. Def's Ex. 43. Although Plaintiff later withdrew these supplements, the evidence raises a genuine question of fact whether the images were originally published before 1994 and 2002, respectively.

Plaintiff correctly notes that Defendants have not produced any evidence that the error was intentional. But the Third Circuit requires errors to be both inadvertent and immaterial. Raquel, 196 F.3d at 177; see also Cipes, 346 F. Supp. 2d at 374 (going on to consider whether copyright application errors were material after finding they were inadvertent). The question remains whether this error, if proven, could be material. Plaintiffs have not produced evidence showing the first date of publication for the images in question. The presumption of validity only applies to registrations of works "made before or within five years after first publication of the work . . ." 17 U.S.C. § 410. Accordingly, Defendants have presented sufficient evidence to raise a genuine question of fact whether Plaintiff holds a valid copyright registration for Image ID O14 05 36B0 and ID O14 05 36C0.

For Image ID O10C0591C0, licensed in Invoice Nos. 206588 and 207645, Defendants produced a copy of the image in Plaintiff's photograph file dated 1981 and a supplemental copyright registration form correcting group copyright registration VA 1-643-931. Def's Exs. 35

& 36. The Plaintiff's file is not evidence of publication prior to 1993. Def's Ex. 35. There is no evidence that this file was distributed in 1981. Moreover, the group copyright registration correction does not include Image ID O10C0591C0 in the list of images published prior to 1993. Def's Ex. 36. Accordingly, Defendants have not presented evidence raising a genuine question of the validity of Plaintiff's copyright registration of Image ID O10C0591C0.

**D. Summary**

Plaintiff has produced uncontroverted evidence that Defendants exceeded the scope of the licenses granted in Invoice Nos. 205064, 206588, and 207645.

Defendants have presented evidence raising a question of fact whether Defendants' use exceeded the scope of the licenses granted in Invoice Nos. 201549 and 207872.

Defendants have raised questions of fact regarding the valid registration of Image ID J 5 G 13 849A2 and ID O14 05 36C0, but have not submitted any evidence regarding the remaining images in Invoice Nos. 206588 and 207645.

Defendants have not produced any evidence challenging Plaintiff's evidence that Defendants printed Image ID M 2 G 14 231A0 beyond the terms authorized in Invoice No. 205064.

Accordingly, Plaintiffs are entitled to summary judgment on the following Images for Defendants' unauthorized use of the following images:

| Complaint Row | Image ID No. | Invoice No. | Complaint Row | Image ID No. | Invoice No. |
|---|---|---|---|---|---|
| 1827 | J 5 G 15 1335C0 | 206588 | 2210 | H 6 06 238A0 | 207645 |
| 1828 | M 9 G 24 55A0 | 206588 | 2212 | J 5 G 151335C0 | 207645 |
| 1829 | M 10 G 06 44C0 | 206588 | 2213 | M 9 G 24 55A0 | 207645 |
| 1830 | O 3 ADP10 | 206588 | 2214 | O 1 GAA10 13A0 | 207645 |
| 1831 | O3 OSC50 | 206588 | 2215 | O 2 ANT06 12A0 | 207645 |
| 1832 | O 4 OPB54 | 206588 | 2216 | O3 ADP10 | 207645 |
| 1833 | O 5 GIB05 18A0 | 206588 | 2217 | O 3 OSC50 | 207645 |
| 1834 | O10C 05 91C0 | 206588 | 2218 | 04 ANC06 | 207645 |

8

| 1835 | O12 RHN05    | 206588 | 2219 | O 4 OPB54 34A0 | 207645 |
| 1836 | O14 05 36B0  | 206588 | 2221 | O 5 QUL50 17B0 | 207645 |
| 1837 | V8 03 987G0  | 206588 | 2222 | O10C 05 91C0   | 207645 |
| 2208 | 3 D PLA0 15 A0 | 207645 | 2224 | R 2 06 85A0  | 207645 |
| 2209 | 3 J SAG06 27A0 | 207645 | 1459 | M 2 G 14 231 A0 | 205064 |

### III. Conclusion

Based on the evidence submitted by both parties, this Court shall grant Plaintiff's motion for summary judgment in part, as to the enumerated images in Invoice Nos. 205064, 206588, and 207645. Plaintiff's motion is denied as to the remaining images.

O:\CIVIL 12\12-2061 grant v. mcgraw\12cv2061.msj.partial.memo.docx